**Xiu Hua LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,** Respondent.

No. 04–2681.

United States Court of Appeals, Second Circuit.

April 4, 2006.

G. Victoria Calle, New York, NY, for Petitioner.

Stephanie A. Gallagher, Assistant United States Attorney, District of Maryland (Rod J. Rosenstein, United States Attorney, on the brief) Baltimore, MD, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DAVID G. TRAGER,* District Judge.

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted automatically for former Attorney General John Ashcroft as respondent in this case.

* The Hon. David G. Trager, United States District Judge, Eastern District of New York,

## SUMMARY ORDER

Xiu Hua Lin petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the oral decision of an Immigration Judge denying her application for asylum, withholding of removal, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252(b). For the reasons set forth below, the petition is dismissed in part and denied in part.

Lin, a citizen of the People's Republic of China, entered the United States without inspection in December of 1998. On February 25, 2002 she applied for asylum and withholding of removal. Two months later, the Immigration and Naturalization Service ("INS") served her with a Notice to Appear and charged her with removability. Lin conceded removability but applied for asylum pursuant to the Immigration and Nationality Act ("INA") and withholding of removal pursuant to both the INA and the Convention Against Torture ("CAT"). Alternatively, she requested voluntary departure.

Lin claimed that if she were removed to China, the Chinese government likely would sterilize her forcibly because she violated China's family planning policy by having three children in China and a fourth while in the United States, and because after the birth of her third child the Chinese government forced her to wear an intra-uterine contraceptive device and threatened her with sterilization.

The Immigration Judge ("IJ") heard Lin's application and denied it in all respects on February 3, 2003. The IJ concluded that Lin's asylum application was untimely because she filed it more than a year after her arrival in the United States, and that Lin's claimed ignorance of the one-year time bar was not credible, and even if it was, it did not excuse the delay.

sitting by designation.

The IJ also determined that Lin failed to show that it was more likely than not that she would be sterilized if she were removed to China. Lin timely appealed to the BIA, which affirmed the IJ's decision in a three-sentence *per curiam* Order dated April 22, 2004. Lin now petitions for review of the BIA's Order.

In order to qualify for asylum, an applicant must show by clear and convincing evidence that she filed her application within one year of her arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). If she cannot make that showing, she must demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay...." *See* 8 U.S.C. § 1158(a)(2)(D). We lack jurisdiction to review an IJ's determination pursuant to § 1158(a)(2)(D) unless that appeal presents an issue of statutory construction or a constitutional claim. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 150–55 (2d Cir.2006).

To qualify for withholding of removal pursuant to the INA, an applicant must establish that there is a "clear probability" that if she were removed, her life or freedom would be threatened because of her race, religion, nationality, membership in a particular social group, or political opinion. *Id.* at 155–56; *Secaida–Rosales v. INS*, 331 F.3d 297, 306 (2d Cir.2003); 8 U.S.C. § 1231(b)(3)(A). Likewise, to qualify for withholding of removal pursuant to the CAT, an applicant must show that "it is more likely than not that she will be tortured if she returns to the proposed country of removal." *Xiao Ji Chen*, 434 F.3d at 156; 8 C.F.R. 208.16(c)(2). Forcible sterilization constitutes persecution on the basis of political opinion. *Xiao Ji Chen*, 434 F.3d at 156.

Where, as here, the BIA issues a one-paragraph opinion in which it fully affirms the decision of the IJ without modification or supplementation, we review the IJ's decision. *Ming Xia Chen v. Bd. of Immigration Appeals,* 435 F.3d 141, 144 (2d Cir.2006); *see also Secaida–Rosales,* 331 F.3d at 305; *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004) (per curiam). We review the IJ's factual determinations pursuant to the substantial evidence standard, and reverse "only if no reasonable fact finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. I.N.S.,* 232 F.3d 279, 287 (2d Cir.2000); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

■ Lin urges us to reverse the IJ's determination that Lin's ignorance of the one-year time bar does not constitute an extraordinary circumstance sufficient to excuse the untimeliness of her petition. Lin also asserts—apparently for the first time—that she did not file her petition during the year after her arrival in the United States because she was pregnant for part of that time. However, because Lin raises neither a question of statutory interpretation nor a constitutional claim, we lack jurisdiction to review the IJ's conclusions as to the timeliness of Lin's asylum application. *Xiao Ji Chen v,* 434 F.3d at 150–55.

■ Moreover, Lin is not entitled to withholding of removal pursuant to either the INA or the CAT. The record provides reasonable and substantial support for the IJ's determination that Lin failed to establish that she was likely to suffer persecution or torture if she were removed to China. First, the record establishes that Lin likely no longer can have children, and Lin provided no evidence that the Chinese government sterilizes such women. Lin's attorney stipulated before the IJ that women who are in their late forties or early fifties, such as Lin, no longer ovulate and cannot have children. Further, Lin's attorney failed to offer any evidence that Lin in particular could bear children. Lin also testified that although she and her husband have continued to have normal marital relations and have not used birth control, she has not become pregnant.

Second, Lin testified before the IJ that the Chinese government declined to sterilize her after the birth of her third child in 1992 because by that time her husband had left China to work in the United States, and the government believed that Lin would not become pregnant while her husband was out of the country. Since Lin's husband would remain in the United States if Lin were removed to China, the IJ concluded that the Chinese government likely would refrain from sterilizing her, just as it had previously.

Third, although Lin claimed that she likely would be sterilized because she had a fourth child while residing in the United States, she failed to provide any evidence to support that assertion. *See, e.g., Xiao Ji Chen,* 434 F.3d at 156 (denying petition for review based in part on claim that "forcible sterilization is particularly likely since ... [petitioner] has had more children since arriving in the United States"). Finally, in determining that China no longer had a consistent policy of forced sterilization, the IJ properly relied upon two documents provided by the U.S. Department of State, namely, Profile of Asylum Claims of Country Conditions for China dated April 14, 1998 and Country Reports on Human Rights Practices for 2001. *See id.* at 164 (noting that "a report from the State Department is usually the best available source of information on country con-

ditions") (quoting *Zamora v. I.N.S.*, 534 F.2d 1055, 1062 (2d Cir.1976) (internal quotation marks omitted). There is no indication that the IJ considered those materials dispositive or otherwise excessively relied on them. *See id.* at 164–65.

We have reviewed Lin's remaining arguments on this appeal and find each of them to be without merit. For the foregoing reasons the petition for review is DISMISSED to the extent that it seeks review of the denial of petitioner's asylum application, and otherwise is DENIED.